**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Depositors Insurance Company,

Plaintiff,

v.

Civil No. 01-622 RHK/RLE
**MEMORANDUM OPINION AND ORDER**

Allan Clark,

Defendant.

---

Thomas E. Peterson, Peterson & Hektner, LTD, Minneapolis, Minnesota, for Plaintiff.

John M. Bjorkman, Rider, Bennett, Egan & Arundel, LLP, Minneapolis, Minnesota, for Defendant.

---

## Introduction

This case arises out of a car accident in California. Defendant Allan Clark ("Clark") contends the Plaintiff Depositors Insurance Company ("Depositors") acted in bad faith while processing his claim for uninsured motorist coverage. Depositors is before this Court for a second time seeking a declaratory judgment that it is not liable to Clark for the handling of his claim. Depositors' first declaratory judgment action was dismissed by this Court on March 26, 2001. That same day, Depositors filed another declaratory judgment action in Minnesota state court. Clark properly removed Depositors' state declaratory judgment action to this Court, invoking its diversity jurisdiction. Currently before the Court is Clark's Motion to Dismiss or, Alternatively,

FILED JUL 06 2001
RICHARD D. SLETTEN, CLERK
JUDGEMENT ENTERED JUL 06 200
DEPUTY CLERK'S INITIALS ______

for Abstention of Depositors' declaratory judgment action. For the following reasons the Court will grant the motion.

**Background**

On December 27, 1996, Clark was seriously injured in a car accident in California. (Clark Aff. ¶ 2.) Clark, at the time of the accident, was riding in his daughter's car, which was insured by Depositors. The driver of the other car was uninsured. Clark filed a claim with Depositors pursuant to his daughter's policy for uninsured motorist coverage. (Id.) The claim was paid three years later. (Compl. at ¶5, Ex. A.) Clark believed the three-year delay in payment was the direct result of Depositors' mishandling of the claim and its bad faith.

In October 2000, Clark's attorney sent Depositors a letter threatening additional claims for Depositors' handling of the claim. (Clark Aff. ¶ 3.) On October 27, 2000, in response to Clark's letter, Depositors commenced a declaratory judgment action in this Court. (Doc. No. 1, 00-CV-2400, (Compl.) (Rosenbaum, J.).) Depositors sought the following relief:

> [P]laintiff prays for a judgment of this court declaring that, having paid to the defendant the compensatory damages caused by the uninsured motorist arising from the accident of December 27, 1996, [plaintiff] has no duty or obligation for extra contract damages under the aforesaid Minnesota policy of insurance.

(Id.) On March 23, 2001, Judge Rosenbaum, on the record, granted Clark's motion to dismiss Depositors' suit as an impermissible declaratory judgment action. (Doc. No. 5,

00-CV-2400.) In granting Clark's motion, the Court made the following findings: (1) Depositors' declaratory action was premature; (2) it was not a case where declaratory judgment was necessary to prevent the further accrual of damages; and (3) Clark, as the natural plaintiff, should be allowed to pick his forum for adjudicating his claim. (Doc. No. 13, 00-CV-2400.) The Court concluded that Depositors' action was the type of case in which the Court's exercise of discretion in not entertaining a declaratory judgment was appropriate. (Id.) A written Order, based on Judge Rosenbaum's findings on the record, was entered on March 26, 2001, dismissing Depositors' Complaint. (Doc. No. 12 in 00-CV-2400.) In its written Order, the Court noted that requiring a declaratory action such as this to proceed, despite the absence of a parallel state proceeding, would "lead to precisely the kind of inappropriate forum-shopping by a natural defendant decried [by the Eighth Circuit.]" (Id.) (citations omitted.)

On March 26, 2001, Depositors commenced the same declaratory judgment action against Clark in the Minnesota District Court. (Doc. No. 1 (Notice of Removal).) On March 27, 2001, Clark commenced a suit against Depositors in the Superior Court of California, (Peterson Aff. Ex. A.), and, on April 10, 2001, Clark removed Depositors' state declaratory action to this Court pursuant to 28 U.S.C. § 1441 (Doc. No. 1.)

## Analysis

### I. Court's Discretion under the Federal Declaratory Judgment Act

District courts have discretion to decide whether to entertain declaratory judgment

actions: "any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration . . . ."[1] 28 U.S.C. § 2201(a) (emphasis added); see Brillhart v. Excess Ins. Co., 316 U.S. 491, 494-97 (1942); United States Fidelity and Guaranty Co. v. Murphy Oil USA, Inc., 21 F.3d 259, 261 (8th Cir. 1994). For instance, a district court may decline to exercise its jurisdiction when there is a parallel state action. In Brillhart, a similar suit to this one, the Court held that the district court was under no obligation to exercise its jurisdiction under the Federal Declaratory Judgment Act where an insurer, anticipating a coercive suit, sought a declaration in federal court of nonliability on an insurance policy, while there was a pending parallel state proceeding. See also Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995) (confirming its holding in Brillhart). The district may also consider whether the declaratory plaintiff's motivation in filing the action was based on forum-shopping concerns. Northwest Airlines, Inc. v. American Airlines, Inc., 989 F.2d 1002, 1007 (8th Cir. 1993); Allendale Mut. Ins. Co. v. Bull Data Systems, Inc., 10 F.3d 425, 431 (7th Cir. 1993) ("[A] suit for declaratory judgment aimed solely at wresting the choice of forum from the 'natural' plaintiff will normally be dismissed . . . .").

The Court declines to exercise its jurisdiction over Depositors' declaratory action

---

[1] The Declaratory Judgment Act is a procedural device; accordingly, this Court does not apply Minnesota's declaratory judgment act even though Depositors originally filed this suit pursuant to Minnesota Statutes, section 555.01, et seq. See Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950) (holding that the Declaratory Judgment Act is a procedural device).

in favor of Clark's pending state action in California. Even if there was no pending state proceeding, the Court would not entertain Depositors' action as the actions taken by Depositors to keep the suit in Minnesota echo of impermissible forum-shopping. The Court emphasizes the import of Judge Rosenbaum's finding that the natural plaintiff in this case, Clark, should be allowed to "pick his claim, and pick a time and place in which he chooses to bring it." Moreover, Depositors' disdain in filing another declaratory action against Clark only days after Judge Rosenbaum's caveat that Clark should be allowed to file his claim when and where he chooses, has not gone unnoticed by this Court. For all of these reasons, the Court is satisfied that declining to exercise its jurisdiction pursuant to the Federal Declaratory Judgment Act is not only appropriate under these circumstances, but is necessitated by Depositors' actions.[2]

---

[2] The Court also notes that Clark's action in California was commenced prior to the instant action by Depositors, and, under the "first-filed rule," Clark's action will be given priority and be allowed to proceed in favor of Depositors declaratory action. See Northwest Airlines, Inc. v. American Airlines, Inc., 989 F.2d 1002, 1006 (8th Cir. 1993) ("To conserve judicial resources and avoid conflicting rulings, the first-filed rule gives priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction.").

Depositors filed the instant action on March 26, 2001, and served Clark on March 29, 2001. Clark filed his action in California on March 27, 2001. (Peterson Aff. Ex. B.) Clark's suit is deemed to be filed, according to California Rules of Civil Procedure, section 350, when the complaint is filed. Alternatively, Depositors' suit is deemed filed when the summons is served on the defendant. Minn. R. Civ. P. 3.01. Accordingly, Clark's filing on March 27, which predates Depositors' March 29 service on Clark, is the first-filed.

**Conclusion**

Based on the foregoing, and all of the files, records and proceedings herein, **IT IS ORDERED** that Clark's Motion to Dismiss, or, Alternatively, for Abstention is **GRANTED**. Depositors' Complaint is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

July 6, 2001

RICHARD H. KYLE
United States District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES: JUL 06 2001

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995